UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| v. | § | No. 3:18-cr-0194-B |
| | § | |
| PHILLIP REED (02). | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Phillip Reed's Motion to Sever Counts (Doc. 95). For the reasons set forth below, the Court **DENIES** Reed's motion to sever (Doc. 95).

## I.

## BACKGROUND

Reed was arrested while driving a stolen vehicle on February 17, 2018. Doc. 104-1, Ex. 1 (Markulec Decl.), ¶ 3. Subsequently, the FBI received a tip that individuals inside of Reed's residence were planning to sell drugs to bond Reed out of jail and commit an act of violence against another individual. *Id.* ¶ 4. As a result, the FBI performed surveillance on Reed's residence, 3230 Trezevant Street. *Id.* ¶ 5. At this point, the FBI knew that this was Reed's residence and that one of Reed's suspected co-conspirators, Maurice Paul, frequented the home. *Id.* ¶¶ 5–6. After observing Paul exit Reed's home, the FBI arrested Paul on outstanding charges. *Id.* ¶ 7. Vicki Gamboa was also present at Reed's home that day. *Id.* ¶ 8. Upon obtaining Gamboa's consent to search Reed's home, see *id.* ¶ 10, agents searched Reed's residence and recovered firearms, ammunition, drugs, a computer, a cell phone, digital scales, drug-packaging materials, and a DVR recorder. *Id.* ¶ 12.

Roughly two months after the search, Reed was indicted for: (1) Conspiracy to Possess with Intent to Distribute a Controlled Substance; (2) Possession of a Firearm by a Felon; and (4)

Possession with Intent to Distribute a Controlled Substance. Doc. 12, Sealed Indictment.[1]

In response, Reed filed a motion to sever. *See* Doc. 95, Mot. to Sever. This motion sought to sever Count (2), Possession of a Firearm by a Felon, from the remaining two counts based on two alternative grounds. First, Reed asserted misjoinder under Rule 8(a), explaining that the connection between the firearm at issue in Count (2) and the drugs at issue in Counts (1) and (4) was "tenuous at best . . . ." *Id.* at 4. Second, Reed contended that the joinder of Count (2) was prejudicial under Rule 14(a). *Id.*

Subsequently, the Government filed a first superseding indictment, followed by a second superseding indictment. *See* Doc. 100, Superseding Indictment; Doc. 118, Second Superseding Indictment. In the second superseding indictment, the operative indictment in this case, Reed is charged with:

(1) Possession of a Firearm by a Convicted Felon;
(2) Possession with Intent to Distribute a Controlled Substance;
(3) Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime;
(4) Conspiracy to Possess with Intent to a Controlled Substance; and
(5) Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime

*See* Doc. 118, Second Superseding Indictment.

In his reply brief for his motion to sever, Reed clarifies that in light of the new indictment, he seeks severance of Count (1), Possession of a Firearm by a Convicted Felon, from the remaining counts. Doc. 112, Def.'s Reply, 3. Count (1) alleges that Reed, knowing he was a convicted felon, possessed both an Intratec assault rifle and a Glock firearm. Doc. 118, Second Superseding Indictment, 1. Reed requests severance of Count (1) based on the undue prejudice he believes he

---

[1] The Court numbers the counts in accordance with the original sealed indictment.

will face if the jury is informed of his status as a convicted felon, which is irrelevant to the remaining counts. Doc. 112, Def.'s Reply, 3. The Court held a hearing for consideration of Reed's motion to sever on January 15, 2020.

## II.

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 8(a), "a defendant may be charged in a single indictment for two or more offenses if they (1) are of the same or similar character; (2) are based on the same act or transaction; or (3) are connected with or constitute parts of a common scheme or plan." *United States v. Rice*, 607 F.3d 133, 142 (5th Cir. 2010) (citing FED. R. CRIM. P. (8)(a)).

Even if joinder is proper under Rule 8(a), "the district court must decide whether it causes sufficient prejudice to require severance under [Federal Rule of Criminal Procedure] 14(a)." *Id.* (citation omitted). Rule 14(a), in relevant part, states that "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . . , the court may order separate trials of counts . . . ." FED. R. CRIM. P. 14(a).

## III.

## ANALYSIS

A. *Joinder of Reed's Felon-in-Possession Count Is Proper Under Rule 8(a) and Does Not Require Severance Under Rule 14(a).*

    1. <u>The offenses in Reed's superseding indictment are connected, so joinder is proper under Rule 8(a).</u>

The Court holds that joinder of Reed's offenses is proper under Rule 8(a). Joinder of offenses in an indictment is proper under Rule 8(a) if the offenses "are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). "Joinder of charges is the rule rather than the

exception and Rule 8 is construed liberally in favor of initial joinder." *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995) (citation omitted).

Though Reed initially contested the connection between his drug and firearms charges, and thus the propriety of joinder under Rule 8(a), see Doc. 95, Mot. to Sever, 2–4, he appears to abandon this argument in his reply. *See* Doc. 112, Def.'s Reply, 3. This is presumably because the Government filed a superseding indictment following Reed's motion to sever, see Doc. 100, Superseding Indictment, which added a count for using and carrying a firearm during and in relation to a drug trafficking crime. *See* Doc. 106, Gov.'s Resp., 1; Doc. 112, Def.'s Reply, 1 (acknowledging the new charge).[2]

Here, joinder is proper under Rule 8(a), because the offenses in Reed's superseding indictment link his alleged drug trafficking to his alleged use of firearms. Specifically, the Government indicates that the evidence intended to support Count (4), Conspiracy to Possess with Intent to Distribute a Controlled Substance, "will include Reed's drug trafficking and the protection of that drug trafficking through the use of firearms." Doc. 106, Gov.'s Resp., 1. Accordingly, Reed's offenses are "connected" under Rule 8(a), so joinder is proper.

2. The joinder of Reed's felon-in-possession count does not mandate severance under Rule 14(a).

Based on the circumstances, the Court concludes that Reed's felon-in-possession count need not be severed under Rule 14(a). As the Fifth Circuit has noted, "[f]elon-in-possession-of-a-firearm charges present special prejudice concerns . . . ." *United States v. Turner*, 674 F.3d 420, 430 (5th Cir.

---

[2] At the hearing, Reed did not expressly abandon his Rule 8(a) argument. Accordingly, the Court addresses it below.

2012) (citation omitted). But although sometimes "not even a limiting jury instruction can cure the prejudice," severance of a felon-in-possession charge is not always necessary. *Id.* For example, the Fifth Circuit has allowed joinder of the charge "when the weapon was found during the investigation of other offenses charged, when the weapon might have been available for use during the other offenses, and a limiting instruction was given." *Id.* (citing *Bullock*, 71 F.3d at 175).

Reed seeks severance of Count (1), Felon in Possession of a Firearm, from his remaining counts: Possession with Intent to Distribute a Controlled Substance; Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime; and Conspiracy to Possess with Intent to Distribute a Controlled Substance. *See* Doc. 112, Def.'s Reply, 3. He suggests that the joinder of Count (1) is unduly prejudicial because he "will . . . be forced into a trial where the jury will be . . . informed of his status as a convicted felon for three separate counts where they ordinarily would not . . . ." *Id.*

But the Court disagrees, concluding that Reed's case does not mandate severance based on undue prejudice. First, the Government states that at least one firearm forming the basis for Count (1) was seized in the search of Reed's residence—a search "based on information arising from [Reed's] alleged drug conspiracy." Doc. 106, Gov.'s Resp., 4–5. Second, the Government seeks to prove "the fact that Reed sold heroin out of the same house where his [Intratec assault rifle] was found." *Id.* at 5. Thus, this firearm "might have been available for use" in his drug offenses. *See Turner*, 674 F.3d at 430. Accordingly, as long as this Court gives the jury a limiting instruction on the consideration of Reed's prior felony, severance is not necessary. *See id.* Rather, this case presents circumstances similar to those where the Fifth Circuit has permitted joinder of a felon-in-possession charge. *See id.* Thus, the Court **DENIES** Reed's motion to sever.

## IV.

## CONCLUSION

The Court finds that joinder of Reed's charges is proper under Rule 8(a), and the joinder is not so prejudicial as to mandate severance under Rule 14(a). Accordingly, the Court **DENIES** Reed's motion to sever (Doc. 95).

**SO ORDERED.**

**SIGNED: January 16, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE