UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:18-cr-0194-B |
| | § | |
| PHILLIP REED (02), | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Phillip Reed's Motion for Judgment of Acquittal and for a New Trial (Doc. 160). For the following reasons, the Court **DENIES** the Motion.

## I.

## BACKGROUND

On January 8, 2020, through a second superseding indictment, the Government charged Reed with: (1) possession of a firearm by a convicted felon; (2) possession with intent to distribute a controlled substance, namely heroin; (3) using and carrying a firearm during and in relation to a drug trafficking crime; (4) conspiracy to possess with intent to distribute a controlled substance; and (5) using and carrying a firearm during and in relation to a drug trafficking crime. *See* Doc. 118, Second Superseding Indictment, 1–5.

Following a jury trial, Reed was convicted of Counts 1, 2, and 4. Doc. 154, Verdict Form, 1–2. Further, on Count 4, the jury found that the overall scope of the conspiracy involved at least twenty-eight grams of cocaine. *See id.* at 2. The jury found Reed not guilty of Counts 3 and 5. *Id.* at 1–2.

On February 7, 2020, Reed moved for a judgment of acquittal and for a new trial on Counts 1, 2, and 4. Doc. 160, Def.'s Mot., 1. The Government responded to Reed's motion on March 5, 2020. Doc. 164, Gov't's Resp. The Court now considers the motion.

## II.

## LEGAL STANDARD

*A.     Motion for Acquittal*

A motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 "challenges the sufficiency of the evidence to convict." *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998) (citing Fed. R. Crim. P. 29(a)). In assessing such a motion, the Court must consider the evidence, all reasonable inferences drawn from the evidence, and all credibility determinations in the light most favorable to the jury's verdict. *See id.* The Rule 29 standard does not require that the evidence exclude every reasonable hypothesis of innocence. *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). Rather, a judgment should be affirmed "if a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *United States v. Klein*, 543 F.3d 206, 212 (5th Cir. 2008) (quoting *United States v. Westbrook*, 119 F.3d 1176, 1189 (5th Cir. 1997)). Thus, the jury retains the sole authority to weigh any conflicting evidence and evaluate witness credibility. *Loe*, 262 F.3d at 432.

*B.     Motion for New Trial Under Federal Rule of Criminal Procedure 33*

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Whereas a Rule 29 motion turns on the sufficiency of the evidence, a motion under Rule 33 turns on whether the weight of the evidence supports the verdict. *See Tibbs v. Florida*, 457

U.S. 31, 42 (1982). The Court is granted broad discretion in making a determination based on the weight of the evidence. *United States v. Robertson*, 110 F.3d 1113, 1118 (5th Cir. 1997). Thus, in assessing a motion under Rule 33, a court may weigh the evidence and assess the credibility of witnesses. *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005). However, a verdict cannot be set aside simply because another result would be more reasonable. *Robertson*, 110 F.3d at 1118. Rather, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* (citations omitted).

## III.

## ANALYSIS

Reed first moves for acquittal on all three counts of which he was convicted, Counts 1, 2, and 4, arguing that no reasonable juror could find that the Government proved the elements charged in those counts. Doc. 160, Def.'s Mot., 4. Second, Reed moves for a new trial on the same grounds—sufficiency of the evidence. *Id.* at 5. Third, Reed moves for a new trial on the basis that the Court's responses to questions from the jury placed "undue influence" on parts of the evidence and jury instructions. *Id.* at 6. Below, the Court addresses the sufficiency of the evidence on each of Reed's convictions in light of both the Rule 29 and Rule 33 standards. Thereafter, the Court turns to Reed's request for a new trial premised on the Court's responses to jury questions.

A.  *Acquittal or New Trial Based on Sufficiency of the Evidence*

    1.  <u>Possession of a firearm by a convicted felon</u>

To prove possession of a firearm by a convicted felon, the Government must show that the defendant: "(1) has been convicted of a felony; (2) possessed a firearm in or affecting interstate commerce; and (3) knew that he was in possession of the firearm[;]" and (4) "knew he belonged to

the relevant category of persons barred from possessing a firearm." *United States v. Walls*, 481 F. App'x 138, 139 (5th Cir. 2012) (per curiam) (citation omitted and quotation marks omitted); *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019).

Reed stipulated to the first and fourth elements before trial. Moreover, as to the second and third elements—knowing possession of a firearm affecting interstate commerce—the jury heard a recorded confession from Reed in which he admitted to having a Tec-9 firearm in his residence. Additionally, the Government introduced text messages from Reed in which he discussed the location of the firearm at his residence. Further, the jury heard testimony from an agent that the firearms recovered from Reed, one from his residence and one from the car in which he was stopped, were manufactured outside of Texas.

Applying the Rule 29 standard, the Court finds that "a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *Klein*, 543 F.3d at 212 (citation omitted). Moreover, the Court concludes that under Rule 33, the weight of the evidence supports Reed's conviction for possession of a firearm by a convicted felon. Accordingly, the Court **DENIES** Reed's motion for judgment of acquittal and motion for new trial on Count 1, possession of a firearm by a convicted felon.

2. <u>Possession with intent to distribute a controlled substance</u>

To establish possession with intent to distribute a controlled substance, the Government must show: (1) "knowledge"; (2) "possession"; and (3) "intent to distribute the controlled substance[]." *United States v. Daniels*, 930 F.3d 393, 403 (5th Cir. 2019) (citations and quotation marks omitted).

During Reed's trial, a chemist testified that the drugs recovered from Reed's residence were cocaine and heroin. Further, the Government played a video in which Reed, upon being pulled over

by police officers and placed in the backseat of a police car, instructs another individual who was pulled over with Reed to remove objects from inside of Reed's pants. The officers thereafter found heroin on this individual, according to testimony presented at trial. And the individual herself testified that she removed bags of heroin from Reed's pants. Additionally, in Reed's video-taped confession played during trial, Reed referenced to selling and giving drugs to women. The Government also introduced text messages from Reed's phone in which he discussed the sale of drugs.[1]

Based on this evidence, "a rational trier of fact could have found" that the Government established, beyond a reasonable doubt, that Reed knowingly possessed heroin with an intent to distribute the heroin. *See Klein*, 543 F.3d at 212 (citation omitted). Further, the weight of the evidence in Reed's trial supports such a conclusion. Thus, the Court **DENIES** Reed's motion for a judgment of acquittal or new trial on Count 2, possession with intent to distribute a controlled substance.

3. <u>Conspiracy to possess with intent to distribute a controlled substance</u>

"A conviction for conspiracy to possess and distribute a controlled substance . . . requires proof beyond a reasonable doubt [of:] (1) the existence of an agreement between two or more persons to violate the narcotics laws, (2) the defendant's knowledge of the agreement, and (3) the defendant's voluntary participation in the conspiracy." *United States v. Gallardo-Trapero*, 185 F.3d 307, 316–17 (5th Cir. 1999) (citations omitted). To establish a conspiracy, the Government "may rely on circumstantial evidence . . . ." *Id.* at 317 (citation omitted). Further, when the Government

---

[1] The text messages involved selling "ball," "zip," "ice," and "tar." The Government introduced testimony explaining that such words are often used by drug traffickers to refer to illegal narcotics.

alleges a fact that would result in a mandatory minimum or enhanced penalty under 21 U.S.C. § 841(b), the jury must find that fact as an element of the offense. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013).

At trial, as discussed above, the jury heard Reed's confession, in which he discussed purchasing drugs. During the confession, Reed even identified drug suppliers and price points. Moreover, the Government introduced evidence of illegal narcotics and scales recovered from Reed's residence. And supporting the jury's finding that the conspiracy involved twenty-eight grams or more of cocaine, the Government presented testimony from Reed's interview with law enforcement, in which he admitted to buying roughly one-quarter ounce of crack cocaine, three to four times a week, for about one-and-a-half months leading up to the interview.

Taking this evidence together, the jury could have rationally found that Reed knowingly agreed to distribute drugs such as heroin—a violation of federal narcotics laws—and that he voluntarily participated in this agreement. Further, examining the evidence, the Court finds that the weight of the evidence supports such a finding. The Court thus **DENIES** Reed's motion for acquittal or new trial on Count 3, conspiracy to possess with intent to distribute a controlled substance.

B.   *New Trial Based on the Court's Jury Responses*

Finally, Reed contends that the Court's answers to two questions from the jury during its deliberations warrant a new trial. Doc. 160, Def.'s Mot., 6.

In the first question from the jury, the jury stated: "During Mrs. English's testimony she gave dates of when the guns were made and made it to Texas. We would like to verify what those dates were." Doc. 147, Jury Note #1, 1. Upon reviewing the testimony of Special Agent English and conferring with the Government and defense counsel, the Court responded by restating the relevant

portion of Special Agent English's testimony. *Id.* at 2. Specifically, the Court stated: "Special Agent English testified that the Glock (Exhibit 11) traveled in interstate commerce in May 2015. As to the Tec-9, Special Agent English's testimony was that it was manufactured in Florida before it traveled to Texas." *Id.*

Reed argues that the latter sentence of the Court's response "was not a direct response as to *when* the firearm arrived in Texas" and thus "put undue influence on parts of the evidence in the case . . . ." Doc. 160, Def.'s Mot., 6 (emphasis in original). As Reed acknowledged through his proposed response to the jury's question, Special Agent English did not provide a specific date of when the Tec-9 firearm traveled in interstate commerce. *See* Doc. 148, Proposed Response, 1. Accordingly, the Court provided the jury with the only time-related information that Special Agent English *did* provide through her testimony: that the Tec-9 was manufactured in Florida before it traveled to Texas. *See* Doc. 147, Jury Note #1, 2. Thus, the Court "was merely recounting what the witness had said . . . ." *See United States v. Martinez-Moncivais*, 14 F.3d 1030, 1038 (5th Cir. 1994). Accordingly, allowing the jury's verdict to stand would not result in a miscarriage of justice, and the Court thus **DENIES** Reed's motion for a new trial based on the Court's response.

In the second question, the jury asked: "With regard to point 2 on Counts Three and Five, are you referring to a crime that happened on a specific date (one specific date) or in general or a time period?" Doc. 149, Jury Note #2, 1. The second element of Count Three in the jury charge was that "the defendant knowingly used and carried a firearm during and in relation to the defendant's commission of the crime charged in Count Two." Doc. 153, Jury Charge, 14. Similarly, the second element of Count Five was that "the defendant knowingly used and carried a firearm during and in relation to the defendant's commission of the crime charged in Count Four." *Id.* at 18.

In response to this question, then, the Court stated:

> Count Three refers to the crime alleged in Count Two, which is alleged to have occurred in or about February 2018. Count Five refers to the crime alleged in Count Four, which is alleged to have occurred between in or about October 2017 and in or about February 2018. I refer you to the "on or about" or "in or about" instruction on page 7 of the charge, as well as the following page supplementing this instruction.

Doc. 149, Jury Note #2, 2. The portions of the jury charge to which the Court directed the jury state the dates alleged in the second superseding indictment.[2]

Here, Reed contends that the Court responded by placing "undue influence . . . on specific parts of the jury instructions." Doc. 160, Def.'s Mot., 6. Given that Reed was acquitted on the two counts at issue in the jury's second question, the Court is not clear as to how this response "unfairly put the Court's thumb on the scale against the Defendant . . . ." *Id.* In any event, the Court's response—referring the jury to the alleged dates in the jury charge—did not result in a miscarriage of justice, given the weight of the evidence. Accordingly, the Court **DENIES** Reed's motion for a new trial based on the Court's response to the jury's second question.

## IV.

## CONCLUSION

In sum, the Court concludes that a rational jury could have found beyond a reasonable doubt that Reed was guilty of the crimes with which he was convicted. Further, the weight of the evidence supports the jury's verdict, and no manifest injustice will be done in letting it stand. For these reasons, the Court **DENIES** Reed's Motion for Judgment of Acquittal and for a New Trial

---

[2] Page 7 of the jury charge states a general date of "February 2018." *See* Doc. 153, Jury Charge, 7. The following supplemental page states that Count 4 alleges criminal conduct occurring between October 2017 and February 2018, while the remaining counts allege crimes that occurred in February 2018. *See id.* at 7–8.

(Doc. 160).

SO ORDERED.

SIGNED: March 13, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE